COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Raymond Lee Cavitt v. The State of Texas

Appellate case number:        01-13-00900-CR

Trial court case number:      1342490

Trial court:                  174th District Court of Harris County

The record was due in the above-referenced appeal on December 2, 2013. The trial court clerk filed the clerk's record on December 3, 2013, and the court reporter filed the reporter's record on January 2, 2014.

On April 25, 2014, appellant argued for the first time that his motion for new trial was omitted from the trial court clerk's record, thereby rendering the record deficient. *See* TEX. R. APP. P. 34.5(a)(6). Appellant therefore moved the Court to supplement the record.

On May 2, 2014, we granted appellant's motion to supplement the record and ordered the trial court clerk to file a supplemental clerk's record containing the motion for new trial, any response to any motion for new trial, and any order of the trial court related to any motion for new trial. *See* TEX. R. APP. P. 34.5(a)(6), (c)(1).

On May 21, 2014, the trial court clerk filed a supplemental clerk's record. The supplemental record does not contain any motion for new trial. It does, however, include an "Order Presenting Motion for New Trial," signed by the trial court on November 8, 2013, in which the trial court found that appellant timely filed a motion for new trial and timely presented the motion to the trial court for consideration.

On June 2, 2014, appellant filed a "Motion for Extension of Time to File Appellant's Brief," requesting an extension of time in which to file appellant's amended brief to one day after a further supplemental clerk's record, containing the motion for new trial, is filed.

We **grant** appellant's motion. Appellant's amended brief, which may be amended solely by adding citations to the supplemental clerk's record or the second supplemental

clerk's record, shall be filed no later than three days after the second supplemental clerk's record is filed. *See* TEX. R. APP. P. 38.7.

Further, based on appellant's contentions and the supplemental clerk's record, it appears that appellant's motion for new trial may have been lost or destroyed. *See* TEX. R. APP. P. 34.5(e). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Nicole DeBorde, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to determine whether the parties are able to deliver a copy of the motion for new trial, with a written stipulation, to the trial court clerk for inclusion in a supplemental clerk's record, and:

(a) If so, order the parties to deliver a copy of the motion for new trial, with a written stipulation signed by the parties, to the trial court clerk and order the clerk to file a supplemental clerk's record in this Court containing the stipulation and the motion for new trial; or

(b) If the parties cannot stipulate to the motion for new trial, the trial court shall determine what constitutes an accurate copy of the motion for new trial and order it to be included in a supplemental clerk's record, which shall be filed with the Clerk of this Court.

*See* TEX. R. APP. P. 34.5(e).

The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a second supplemental clerk's record with this Court within 25 days of the date of this order, containing the motion for new trial; the parties' stipulation regarding the motion for new trial, if any; any other relevant and necessary documents, if any; and any other findings and recommendations of the trial court.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                ☒ Acting individually     ☐ Acting for the Court

Date: June 24, 2014